The STATE of Ohio, Appellee,

v.

DICK, Appellant.

[Cite as *State v. Dick* (2000), 137 Ohio App.3d 260.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–99–51.

Decided March 31, 2000.

*Kenneth H. Egbert, Jr.,* Seneca County Prosecuting Attorney, and *John P. Kolesar,* Assistant Prosecuting Attorney, for appellee.

*John M. Kahler II,* for appellant.

---

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we elect to render our decision in a full opinion. On October 11, 1988, defendant-appellant David L. Dick was convicted of a first degree felony count of rape and a third degree felony charge of gross sexual imposition, and remanded to the custody of the Department of Rehabilitation and Correction to serve consecutive terms of five to fifteen years for the rape charge and one year for the gross sexual imposition charge. On October 5, 1999, the Seneca County Court of Common Pleas adjudged defendant a sexual predator pursuant to Chapter 2950 of the Ohio Revised Code. Defendant now appeals that judgment and asserts two assignments of error:

"The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that the appellant is likely to enage in the future in one or more sexually oriented offenses.

"The appellant was denied his Sixth Amendment right to the effective assistance of counsel where [the] trial judge had been the prosecutor in the appellant's case and trial counsel failed to file an affidavit of disqualification with the Clerk of the Ohio Supreme Court."

Our review of the record has revealed an issue that, if decided in the defendant's favor, would render both assignments of error moot. Sexual offender classification proceedings were first commenced against this defendant on February 27, 1997. On April 11, 1997, defendant filed a motion to dismiss, arguing that the sexual offender classification statute was an unconstitutional retroactive law. On July 27, 1997, the trial court overruled defendant's motion and set a date for hearing to determine defendant's sexual offender classification status. However, on August 7, 1997 this court issued its decision in *State v. Cook* (August 7, 1997), Allen App. No. 1–97–21, unreported, 1997 WL 452014, in which we held that the sexual offender classification statute violated Ohio's constitutional prohibition against retroactive laws. On November 20, 1997, the trial court issued an order reconsidering its prior judgment, and granted defendant's motion to dismiss on the authority of this court's decision in *Cook.* The state did not appeal this decision. Subsequently, the Ohio Supreme Court reversed this court's *Cook* decision, based in part on the rationale that sexual offender classification proceedings are essentially nonpunitive and civil in nature. See *State v. Cook* (1998), 83 Ohio St.3d 404, 414–423, 700 N.E.2d 570, 579–586.

On July 2, 1999, the trial court entered a new order determining that "a sexual predator hearing is required for the defendant," and on October 5, 1999, the trial court adjudged the defendant to be a sexual predator. Accordingly, because the Supreme Court has treated sexual offender classification as a civil proceeding, the issue presented is whether the state's failure to appeal the trial court's judgment entry of dismissal dated November 20, 1997, precludes the trial court from subsequently adjudging the defendant to be a sexual predator based upon the doctrine of *res judicata.*[1]

*Res judicata* dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus,

---

1. On February 17, 2000, we ordered both parties to this case to submit supplemental briefs on this issue. See Supplemental Briefing Order in *State v. Dick,* Seneca App. No. 13–99–51, unreported. Both appellant and appellee filed briefs on March 2, 2000.

citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24–25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See *id.* at 382, 653 N.E.2d at 228–229. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been* litigated in a first lawsuit." (Emphasis added.) *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388. Moreover, in the context of post-conviction relief, this court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a *res judicata* bar to a subsequent attempt to litigate issues that *could have* been raised on a direct appeal. See, *e.g., State v. Harmon* (1995), 103 Ohio App.3d 595, 598, 660 N.E.2d 532, 533–534.

In this case, it is clear that defendant's sexual offender status is an issue that could have been litigated by the parties. However, the state advances several arguments to assert that its failure to appeal the November 20, 1997 judgment is not *res judicata* as to the order currently under appeal. First, the state contends that R.C. 2950.09(C)(2)(b)(v) provides the exclusive mechanism by which a sexual predator determination may be appealed, and implies that because the trial court did not reach the facts of defendant's case that the 1997 order was not properly appealable by the state. "Appealing the dismissal entry of the court in 1997 would have accomplished nothing with regard to any determination of sexual predator status since the court never reached that issue." However, the prosecution's supplemental brief in this case fails to cite any case law supporting its argument that the trial court's November 20, 1997 order determining R.C. Chapter 2950 to be unconstitutionally retroactive was nonfinal.

On the other hand, we note that other counties in the Third District appealed to the Supreme Court dismissals based upon this court's decision in *Cook,* a strong indication that such orders are final. See, *e.g., State v. Shaffer* (Apr. 29, 1998), Marion App. No. 9–97–70, unreported, 1998 WL 212757, reversed at 84 Ohio St.3d 49, 701 N.E.2d 985; *State v. Clinger* (Mar. 18, 1998), Hancock App. No. 5–97–37, unreported, 1998 WL 126071, reversed at 84 Ohio St.3d 10, 701 N.E.2d 687; *State v. Fielder* (Oct. 10, 1997), Union App. No. 14–97–10, unreported, 1997 WL 638280, reversed at 84 Ohio St.3d 14, 701 N.E.2d 690. Moreover, the Seneca County prosecutor's office apparently determined such an order to be final when it appealed our judgment to the Supreme Court in a different case. See *State v. Marker* (Nov. 25, 1997), Seneca App. No. 13–97–39, unreported, 1997 WL 730263, reversed at 84 Ohio St.3d 19, 701 N.E.2d 693.

Our review of the trial court's November 20, 1997 order, which held that R.C. Chapter 2950 was unconstitutionally retroactive as applied to the defendant, leads to the inescapable conclusion that it is indeed final. The trial court's judgment

"affected a substantial right in a special proceeding," and was accordingly a valid, final order immediately appealable by the state. R.C. 2505.02(B)(2).

The state, however, also argues that the trial court's November 20, 1997 decision to dismiss the proceedings was not "rendered upon the merits" of defendant's sexual offender status. The state therefore contends that its failure to appeal the decision is not a *res judicata* bar to relitigation of defendant's sexual offender status. Cf. Order denying defendant's motion in *State v. Miller* (Nov. 19, 1999), Wood C.P. No. 84–CR–091, unreported.

The state's argument apparently rests on the position that because the trial court made no findings of fact and took no evidence, its decision could not have been "on the merits" of the case. Quoting *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph two of the syllabus, the state argues that "[a] judgment or decree in a former action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter." The state apparently believes that because the trial court's dismissal "did not depend on any evidence," it is removed from the operation of *res judicata* under the second paragraph of the syllabus in *Norwood* as a different cause of action.

We reject this argument for several reasons. We initially note that merely because the trial court's 1997 decision did not depend on any evidence does not somehow make the *cause of action* "not the same" as the subsequent 1999 sexual offender classification proceedings. Both proceedings dealt with the same solitary issue: defendant's sexual offender status under R.C. Chapter 2950. The procedural differences between the two proceedings have no effect on the nature of the cause of action before the trial court. Moreover, we observe that the state's argument rests on case law that has been overruled. In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, the Supreme Court overruled the second syllabus paragraph of *Norwood*. The state has relied upon both *Grava* and *Norwood's* second syllabus paragraph, apparently unaware of the incongruity between the two cases.

As we have noted, *res judicata* bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated*, so long as there has been a valid, final judgment rendered upon the merits. See *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226 at syllabus. In *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.* (1960), 171 Ohio St. 82, 12 O.O.2d 92, 167 N.E.2d 774, paragraph two of the syllabus, the Supreme Court held:

"Where the word, 'merits,' is used in speaking of the determination of an action upon the merits, it embraces the consideration of substance, not of form; of legal rights, not mere defects of procedure or practice or the technicalities thereof."

We believe that the constitutionality of a statute is without question a "consideration of substance," rather than procedure. *Id.;* cf. *Ameigh v. Baycliffs Corp.* (1998), 81 Ohio St.3d 247, 250, 690 N.E.2d 872, 875. In short, we believe that that the trial court's November 20, 1997 decision was indeed "on the merits" of the case, despite the fact that the trial court took no evidence as to defendant's sexual offender status. Cf. *Cero,* 171 Ohio St. 82, 12 O.O.2d 92, 167 N.E.2d 774, paragraph two of the syllabus. We also note that Civ.R. 41(B)(3) provides that "[a] dismissal under this subdivision *and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits* unless the court, in its order for dismissal, otherwise specifies." (Emphasis added.) Cf. *State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585, 588, 632 N.E.2d 1367, 1369 (holding that Supreme Court's dismissal of mandamus action seeking to declare statute unconstitutional was "on the merits" and was *res judicata* to subsequent petition for mandamus filed in common pleas court). Here, the trial court made no indication that its decision was anything but "on the merits." Civ.R. 41 therefore also leads to the conclusion that that the court's dismissal was "on the merits."

The fact that the trial court's decision was based on what was ultimately determined to be an incorrect statement of the law is of no consequence, as the Supreme Court has held that "there is no exception in the doctrine of *res judicata* for merely erroneous judgments." *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 110, 39 O.O.2d 103, 106, 227 N.E.2d 55, 59.

"The reason for this rule is that the doctrine of *res judicata* would be abrogated if every decision could be relitigated on the ground that it is erroneous, and there would be no stability of decision, or no end to litigation. * * * The principle that an erroneous but existing and final judgment is *res judicata* has been adhered to in the face of subsequent changes of law by higher courts in other actions, both in Ohio and elsewhere." *Id.*

For the foregoing reasons, we hold that the trial court's November 20, 1997 order was a valid, final judgment on the merits of defendant's sexual offender status under R.C. Chapter 2950. We therefore conclude that the sexual offender classification proceedings commenced on July 5, 1999, were barred by the doctrine of *res judicata.* Cf. *Grava,* 73 Ohio St.3d 379, 653 N.E.2d 226 at the syllabus. Defendant's two assigned errors are overruled as moot pursuant to App.R. 12(A)(1)(c), and the judgment of the Seneca County Court of Common

Pleas is reversed and the cause is remanded with instructions to vacate its October 5, 1999 judgment and to dismiss the instant case.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and WALTERS, J., concur.