JOURNAL ENTRY AND OPINION
Defendant-Appellant Douglas Malinowski ("Mr. Malinowski") appeals from the Cuyahoga County Court of Common Pleas judgment that classifies him as a sexual predator. On appeal, he asserts claim and issue preclusion, challenges the sufficiency of the evidence, contends that the court erred in proceeding with the hearing, and complains that the statute violates the separation of powers and his right to due process. For the reasons that follow we affirm the judgment of the trial court.
On October 3, 1989, a Medina County Grand Jury indicted Mr. Malinowski for two counts of rape, two counts of kidnapping and one count of robbery. After pleading guilty to the rape and kidnapping of two female victims, the Medina County Court sentenced Mr. Malinowski to serve ten to twenty-five years for each violation of rape and kidnapping; all four sentences to run consecutively to each other.
On November 6, 1990, a Cuyahoga County Grand Jury indicted Mr. Malinowski on eleven counts stemming from incidents involving two female victims.[1] These counts included charges for aggravated burglary, felonious assault, attempted rape, aggravated robbery, kidnapping, rape, and possession of criminal tools; all counts were indicted with violence specifications. Mr. Malinowski pled guilty to two counts of rape with violence specifications, two counts of felonious assault with violence specifications, one count of attempted rape with violence specifications and one count of aggravated robbery. On November 7, 1990, the court imposed terms of three to five years on three counts, five to twenty-five years on another count, and a consecutive sentence of eight to twenty-five years on two counts; all other sentences ran concurrent.
Mr. Malinowski was scheduled for a parole hearing in July, 2000 with a possible release date in September 2000. After receiving a recommendation from the Department of Rehabilitation and Correction and at the request of the State, the Cuyahoga County Court of Common Pleas scheduled a sexual offender classification hearing. The hearing was conducted on June 28, 2000.
The evidence presented during the sexual offender classification hearing included the live testimony of several law enforcement officers and detectives involved in the investigation that lead to Mr. Malinowski's arrest, confession and ultimate convictions. The court also considered the victims' statements, the testimony of Mr. Malinowski, and his participation in rehabilitative and educational programs during the course of his incarceration. The record reflects that the State apprised defense counsel of its exhibits and witnesses by virtue of filing its evidence list a week before the hearing.
In August 2000, the trial court issued its judgment noting that Mr. Malinowski had raped three of his four victims, beat and threatened them all with death or harm, and "laid in wait for each * * * dragged them to secluded areas, tied them with their clothing, beat them, threatened them with death or harm." The court took into consideration Mr. Malinowski's current testimony and noted that while he said he understood that he mentally harmed these women, he "appeared not to realize or to admit that to rape is to hurt physically, also." Accordingly, the court concluded that the sexual predator classification applied by clear and convincing evidence and entered judgment accordingly. Mr. Malinowski appeals from that judgment and assigns five errors for our review. We will address Mr. Malinowski's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. THE TRIAL COURT ERRED IN CLASSIFYING THE APPELLANT AS A SEXUAL PREDATOR BECAUSE RES JUDICATA AND COLLATERAL ESTOPPEL PROHIBIT THE STATE OF OHIO FROM PURSUING A SEXUAL PREDATOR CLASSIFICATION WHERE ANOTHER COUNTY HAS PREVIOUSLY FOUND THE APPELLANT NOT TO BE A SEXUAL PREDATOR AND HAS REQUIRED THE APPELLANT TO REGISTER AS A HABITUAL SEXUAL OFFENDER.
In this error, Mr. Malinowski contends that prior to the June 30, 2000 hearing in Cuyahoga County, Medina County had required Mr. Malinowski to register as a habitual sexual offender. Mr. Malinowski testified below that he obtained the classification through the mail and further testified that the Medina County court did not hold any type of hearing. Consequently, it is undisputed that the trial court in this county held the only sexual offender classification hearing with regard to Mr. Malinowski.
Several Ohio courts have applied the doctrine of res judicata and the law of the case to bar subsequent hearings by the same court on the issue of an individual's potential sexual offender classification where the State failed to pursue an appeal of the final judgment. E.g., State v. Dick (2000), 137 Ohio App.3d 260; State v. Bovee (Feb. 2, 2001), Wood App. No. WD-00-032, unreported; State v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-42, unreported. This case presents a different scenario because Mr. Malinowski is not asserting claim or issue preclusion on the basis of any judgment entered by the lower court in this case. Instead, he claims that a determination from a different court with regard to different sexually oriented offenses committed by Mr. Malinowski in another county should operate to preclude the trial court in Cuyahoga County from adjudicating him a sexual predator.
The burden of proving the affirmative defense of res judicata falls upon the party relying on such defense. First Natl. Bank of Cincinnati v. Berkshire Life Ins. Co., (1964) 176 Ohio St. 395, paragraph 1 of the syllabus ("[w]here a judgment is relied upon as determining an issue against a party to the judgment and estopping that party from relitigating that issue, the one so relying upon that judgment must allege and prove that that judgment necessarily determined that identical issue.").
The State argues that Mr. Malinowski waived any error relating to claim or issue preclusion because he failed to raise this with the trial court. The record reflects that Mr. Malinowski, in fact, did not assert any defense on the grounds of issue or claim preclusion to the trial court in this case; nor did he preserve any objections on either of those grounds. Accordingly, he has waived them. See Crim.R. 12(G).
During oral argument it was suggested that the trial court lacked subject matter jurisdiction to conduct the sexual offender classification hearing and, thus, it was argued that these defenses were not waived. This contention lacks merit. Where an individual is sentenced by two different courts for sexually oriented offenses committed by the offender in two different counties, R.C. 2950.09 lodges jurisdiction to hold the sexual offender hearing in any court that has sentenced the offender for a sexually oriented offense. State v. Pryor (July 27, 2000), Franklin App. No. 99AP-1218, unreported. Here, courts in both Cuyahoga County and Medina County convicted Mr. Malinowski of a myriad of sexually oriented offenses such that either court had jurisdiction to hold a hearing and adjudicate him as a sexual predator. Id.
Regardless of whether the court in Medina County classified Mr. Malinowski as a habitual sexual offender, he testified that no hearing occurred in that jurisdiction. Because Mr. Malinowski raises this affirmative defense for the first time on appeal and since Mr. Malinowski's convictions for sexually oriented offenses in Cuyahoga County conferred jurisdiction for the sexual offender classification hearing in this county, we overrule the first assignment of error.
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
To warrant a sexual predator classification, the State must prove by clear and convincing evidence that the offender "has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3)." State v. Eppinger (2001) 91 Ohio St.3d 159, 163. As enunciated by the Ohio Supreme Court:
 [C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Id. at 164 (citation omitted). In reviewing a trial court's determination as to a sexual offender classification, we must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Thompson (1999), 140 Ohio App.3d 638, 645
citing State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
The trial court is to consider all relevant factors, including, but not necessarily limited to, those factors itemized in R.C. 2950.09(B)(2). Id. at 644.
Prior to issuing its determination, the court had heard and considered the testimony of law enforcement officers and Mr. Malinowski. The parties each submitted evidence, including certificates from the institution illustrating Mr. Malinowski's rehabilitative efforts through sex offender and educational programs, as well as numerous written statements authored by the victims which detailed the offenses that Mr. Malinowski committed against them. Defense counsel acknowledged receipt of the State's exhibits a week before the trial and had the opportunity to cross-examine all of the State's witnesses.
In rendering its determination on Mr. Malinowski's sexual offender classification, the trial court specifically identified the following factors: his criminal record (R.C. 2950.09(B)(2)(b)); that his offenses involved multiple victims (R.C. 2950.09(B)(2)(d)); that he previously pled guilty to other sexually oriented offenses (R.C. 2950.09(B)(2)(f)); that in each case he sexually assaulted his victims in a similar fashion (R.C. 2950.09(B)(2)(h)); that he had beaten and threatened all four of his victims (R.C. 2950.09(B)(2)(i)); and that even to this day he did not appear to comprehend, or admit, that he had physically harmed the victims of his crimes (R.C. 2950.09(B)(2)(j)).
Because we find that the trial court's judgment is supported by both competent and credible evidence in the record, the second assignment of error is overruled.
 III. THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTION.
Mr. Malinowski urges that the court erred in proceeding with his hearing on June 30, 2000 when his date of release is uncertain and potentially far removed. The record reflects that Mr. Malinowski was scheduled for a parole hearing in July 2000 with a possible release date in September 2000. Precedent dictates that a sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties. State v. Brewer (1999),86 Ohio St.3d 160. Accordingly, the trial court did not err in proceeding with the hearing on June 30, 2000 and the third assignment of error is overruled.
The remaining assignments of error state as follows:
 IV. THE APPELLANT'S HEARING VIOLATED THE CONCEPTS OF SEPARATION OF POWERS BECAUSE THE TRIAL COURT RELIED ON EX PARTE KNOWLEDGE AND INVESTIGATED, PROSECUTED AND ALSO ADJUDICATED THE APPELLANT TO BE SEXUAL PREDATORS.
 V. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMICALLY FLAWED.
These assignments of error are overruled. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Copeland (Dec. 18, 2000), Cuyahoga App. No. 77333, 77501, 77502 77517, unreported.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] The victims in Cuyahoga County and Medina County were all different persons.