JOURNAL ENTRY and OPINION
Defendant-appellant Charles Neiswonger appeals from the trial court's judgment which classified him as a sexual predator. For the reasons below, we affirm.
Neiswonger was indicted on June 26, 1986 for four counts of rape (R.C.2907.02). These indictments were based on Neiswonger's rape of his nine-year-old biological daughter. Neiswonger pled guilty to one count of rape and the remaining charges were nolled. He was sentenced to seven to twenty-five years in prison.
On June 3, 1997, the trial court issued an order in which it declined to make a determination of Neiswonger's sexual predator status.
Then, on May 8, 2000, the State again requested sexual predator adjudication. On August 31, 2000, Neiswonger filed a motion to dismiss, attacking R.C. 2950.09(C) on constitutional and procedural grounds. On September 8, 2000, pursuant to House Bill 180 and R.C. 2950, a sexual predator hearing was conducted. At the hearing, the court introduced, and the parties stipulated to, the House Bill 180 packet received from Grafton Correctional Institution, which included a psychological report and certificates of participation in group therapy for sex offenders; witness interviews; and a presentence investigation report.
Neiswonger submitted a copy of his diploma and other certificates of academic accomplishment. Also, Neiswonger's wife testified on his behalf. She stated that both Neiswonger and his family completed the Polaris Program at Chillicothe Correctional Institution; however, a copy of the discharge report from the program was not submitted as evidence.
In addition to the evidence listed above, the court read into the record a report from the Cleveland Municipal Court's probation department. This report contained a detailed description of the events which led to Neiswonger's December 2, 1985 conviction for child endangering.
In light of the evidence submitted, the trial court reviewed the factors listed in R.C. 2950.09(B), cited the factors applicable to the case at hand, and found Neiswonger to be a sexual predator.
Neiswonger raises the following assignments of error:
 I. AS WAS HELD BY THE THIRD DISTRICT COURT OF APPEALS IN STATE V. DICK, THE TRIAL COURT ERRED BECAUSE THE DOCTRINE OF RES JUDICATA PRECLUDED A SECOND HEARING WHERE THE APPELLANT'S FIRST HEARING WAS DISMISSED ON CONSTITUTIONAL GROUNDS AND THE STATE FAILED TO APPEAL THE TRIAL COURT'S FIRST DECISION.
Neiswonger argues that the doctrine of res judicata precluded the trial court from adjudicating Neiswonger as a sexual predator because the State failed to appeal the trial court's June 3, 1997 dismissal of the prior request for sexual predator determination.
However, Neiswonger did not raise the issue of res judicata at any point in the trial record. Nor was this defense raised in Neiswonger's motion to dismiss or at the sexual predator hearing.
The Ohio Supreme Court has held that sexual offender classification hearings under R.C. 2950.09(B) are civil in nature. State v. Gowdy
(2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579, citing, State v. Cook
(1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570, 585. Because sexual predator classification hearings are civil in nature, the rules of civil procedure are applicable. State v. Leonard (Apr. 20, 2001), Montgomery App. Case No. 18422, unreported.
Pursuant to Civ.R. 8(C), res judicata is an affirmative defense. If a party fails to properly raise the affirmative defense of res judicata, it is waived. See, Jim's Steak House, Inc. v. Cleveland (1998),81 Ohio St.3d 18, 20, 699 N.E.2d 506.
Even if res judicata applies, an error is deemed waived unless the party raising it preserved the error for appellate review at the trial court level. See, State v. Murphy (2001), 91 Ohio St.3d 516;747 N.E.2d 765. In order to address this issue at this level, we must find plain error. As stated in Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 679 N.E.2d 1099, at syllabus:
 "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."
The Third District Court of Appeals in State v. Dick (2000),137 Ohio App.3d 260, addressed the res judicata issue sua sponte. However, we find that this case does not involve such exceptional circumstances as to require us to address the res judicata issue. Thus, because Neiswonger has waived this error, we decline to address it pursuant to App.R. 12(A).
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 III. THE APPELLANT'S HEARING VIOLATED THE CONCEPTS OF SEPARATION OF POWERS AND DUE PROCESS BECAUSE THE TRIAL COURT RELIED ON EX PARTE KNOWLEDGE IT ADMITTEDLY GATHERED AND PRESENTED INDEPENDENT OF THE LITIGATING PARTIES.
Defendant argues that the trial court's finding that Neiswonger is a sexual predator was not supported by clear and convincing evidence because it relied only on evidence of a single sexually oriented offense committed fourteen years earlier.
A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
As stated in State v. Eppinger (2001), 91 Ohio St.3d 158, 164,743 N.E.2d 881, citing Cross v. Ledford (1954), 161 Ohio St. 469,477, 120 N.E.2d 118:
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to those factors enumerated in the statute. The factors in the statute are as follows:
 (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The evidence indicated that from 1984 to 1985 Neiswonger engaged in sexual intercourse with his biological daughter who was seven years old at the time of the first incident. The sexual encounters involved forcing his daughter to engage in oral, vaginal, and anal sex under the threat of beating her if she told anyone. In an interview the victim indicated that the sexual encounters happened a lot, and specifically described three such occasions. In his psychological evaluation, Neiswonger described an additional incident when he molested his daughter.
The presentence investigation report indicated that Neiswonger had a prior conviction from 1985 for child endangering. He also had prior convictions from 1983 for possession of criminal tools, and in 1984 for driving while intoxicated.
In May 1992, a psychological evaluation of Neiswonger was conducted. At the time of the evaluation, Neiswonger had already completed an extensive sexual offender program in 1988, and continued to participate in sex offender group therapy.
The examiner noted that even after this therapy:
 Neiswonger minimized and explained away every offense of which he has been charged, including the instant offense. In addition, in this session he displayed no sense of remorse or awareness of the harm done to his daughter, claiming that he only fondled her.
The examiner concluded that:
 On the basis of his statements as supported by test data, Inmate Neiswonger can be classified as a Pedophile. From the manner in which he has presented after having received extensive and intensive therapy as well as from the way in which he has responded to test items, Inmate Neiswonger cannot be expected to profit from further therapy. Since he has been unable or unwilling to lower his defenses and gain necessary help from therapy until this point in time, prognosis regarding reoffending is extremely guarded. (Emphasis added.)
The trial court reviewed all of the above evidence and made findings relative to the following factors listed in R.C. 2950.09(B)(2): Neiswonger's age; the victim's young age; Neiswonger's prior convictions, most significantly the child endangering conviction; and the pattern of repeated sexual abuse of the victim. Further, reading extensively from the 1992 psychological report, the court noted several behavioral characteristics which contributed to Neiswonger's conduct, including his high tendency to develop a substance abuse problem or become addicted to some type of behavior, and his unwillingness to tolerate any suggestion of personal inadequacy. The trial court then concluded that Neiswonger is a sexual predator.
It is important to note that no psychological report was prepared in anticipation of the sexual predator hearing, and that the one relied on by the trial court was eight years old.
In State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, this court reversed a sexual predator determination because in deciding that the defendant was likely to reoffend, the trial court solely relied on the offense, a fifteen-year-old psychological report and the court's own belief that pedophilia is an incurable disorder. Krueger determined that the fifteen-year-old report was stale because it did not offer evidence concerning the defendant's current psychological condition.
The matter at hand is distinguishable from Krueger. The report in Krueger was made before the defendant had participated in sexual offender therapy. However, as previously noted, Neiswonger's evaluation took place after the completion of a sexual offender program and while he was attending the after care program. Although Neiswonger participated in group therapy sessions in 1993 and 1994, there is no evidence that he has participated in any additional intensive sexual programs since the 1992 evaluation.[1]
Further, the report presents evidence that future programs may be ineffective. The report made specific findings regarding Neiswonger's prognosis; it states that therapy prognosis * * * is * * * poor because of reluctance to endure the anxiety involved in treatment. The report further indicated that Neiswonger cannot be expected to profit from further therapy and that he lacks personal assurance that he will not reoffend. The fact that Neiswonger admitted to the psychologist that he continued to have sexual fantasies about his daughter after six months of sexual offender therapy supports the psychologist's conclusion regarding the minimal effect of therapy on Neiswonger.
Based on a review of the record, we cannot say that the trial court's finding is based on insufficient evidence.
In addition to the evidence noted above, in determining Neiswonger's sexual predator status the trial court also cited to evidence from a Cleveland Municipal Court probation department report regarding Neiswonger's December 2, 1985 conviction of child endangering. Neiswonger's counsel did not receive a copy of this report prior to the hearing and was not made aware that the court would be introducing this document into the record.
Thus, Neiswonger argues that the court's inclusion of this report violates the concepts of separation of powers and due process. Because of the trial court's error, we excluded the details found in that report from the analysis above. Without relying on the 1985 report, we have determined that clear and convincing evidence exists to support the trial court's determination that Neiswonger is a sexual predator. Thus, we find that the trial court's inclusion of the report at the hearing was harmless error.
Accordingly, the second and third assignments of error are overruled.
 IV. THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PROCEEDING BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST IN PRIVACY IS ENCUMBERED BY THE SEXUAL PREDATOR LABEL AND THE FACTORS LISTED AT R.C. 2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OR THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
Appellant's fourth assignment of error complains that the sexual predator statute deprives him of liberty without due process. He claims the statute is subject to arbitrary application because it does not provide trial courts with guidance about how to apply the statutory factors.
The Ohio Supreme Court in State v. Williams (2000), 88 Ohio St.3d 513,533-34, 728 N.E.2d 342, determined that R.C. 2950, on its face, sets forth sufficiently specific guidelines to prevent arbitrary and discriminatory enforcement. Id.; see also, State v. Ward (1999),130 Ohio App.3d 551, 569, 720 N.E.2d 603; State v. McKinney (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported; State v. Gibson, (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported.
Therefore, this assignment of error is without merit.
 V. R.C. 2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
Appellant's argument consists of a verbatim quote from State v. Copeland et al. (Oct. 25, 1999), Cuyahoga C.P. No. CR-213510, unreported. Neiswonger generally argues that R.C. 2950.09(C)(2) fails to meet the standards of procedural due process because it does not require a charge or written notice of the evidence. He does not, however, argue that he was not given notice of the sexual predator hearing in question.
The due process argument raised in this assignment of error was rejected by this court in State v. Reese (June 28, 2001), Cuyahoga App. No. 77953, unreported; State v. Green (Apr. 26, 2001), Cuyahoga App. No. 77771, unreported; State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 2000, unreported.
Accordingly, we overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and TERRENCE O'DONNELL, J., CONCUR
[1] The record does indicate that Neiswonger completed his "after care" therapy in January 1993. Also, in 1993 and 1994, Neiswonger participated in sex and love addicts anonymous, a twelve-step program modeled on Alcoholics Anonymous.