**The STATE of Ohio, Appellee,**

**v.**

**PHILPOTT, Appellant.***

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79732.

Decided March 11, 2002.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio was not allowed in 96 Ohio St.3d 1440, 2002-Ohio-3344, —— N.E.2d ——.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Patrick J. Lavelle, Assistant Prosecuting Attorney, for appellee.

Carlos Warner, Cuyahoga County Assistant Public Defender, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant Ottie Philpott appeals from the trial court's judgment which classified him as a sexual predator. For the reasons below, we affirm.

{¶ 2} On October 25, 1984, Philpott pled guilty to aggravated burglary with gun and aggravated felony specifications and attempted rape with a gun specification. The charges were based on Philpott's attempted rape of a twenty-eight-year-old female during the course of a burglary. The incident took place while the victim's one-year-old daughter was in her arms. The victim's two-year-old child and mother were also present. When the victim's mother came to her aid, Philpott slashed at her with a knife.

{¶ 3} Philpott was sentenced to three years of imprisonment on the gun specification, twelve to twenty-five years on the aggravated burglary charge, and eight to fifteen years on the attempted rape charge. All terms were to run consecutively to one another.

{¶ 4} On April 25, 1997, without a hearing or any motion being filed, the trial court issued an order in which it declined to make a determination of Philpott's sexual predator status.

{¶ 5} On January 25, 2001, the state requested a sexual predator adjudication. On March 30, 2001, Philpott's counsel orally moved to dismiss the proceed-

ings, asserting that res judicata barred the trial court from adjudicating Philpott's sexual predator status.

{¶ 6} The trial court continued the March 30, 2001 hearing after being advised that neither the prosecutor nor defense counsel had received the House Bill 180 ("H.B.180") packet from the correctional institution. On April 13, 2001, the trial court denied Philpott's motion to dismiss. On April 20, 2001, pursuant to R.C. Chapter 2950, a sexual predator hearing was conducted. At the hearing, the state introduced the H.B. 180 packet[1] received from the correctional institution, which included a victim's statement from a 1979 abduction case, a police report from a 1980 felonious assault charge, and the victim's statement from the 1984 attempted rape case. The trial court also relied on an institutional summary report,[2] and referenced, but did not identify, the documents attached to it. In addition to the evidence listed above, the court read into the record Philpott's RIV report,[3] which listed incidents of disobedience during the course of Philpott's incarceration.

{¶ 7} In light of the evidence submitted, the trial court found Philpott to be a sexual predator.

{¶ 8} Philpott raises the following errors on appeal:

{¶ 9} "I. As was held by the Third District Court of Appeals in *State v. Dick*, the trial court erred because the doctrine of *res judicata* precluded a second hearing where the appellant's first hearing was dismissed on constitutional grounds and the state failed to appeal the trial court's first decision."

{¶ 10} Relying on *State v. Dick* (2000), 137 Ohio App.3d 260, 738 N.E.2d 456, Philpott argues that the doctrine of res judicata precluded the trial court from classifying him a sexual predator. Philpott argues that res judicata applies because the state failed to appeal the trial court's April 30, 1997 entry declining to make a sexual predator determination.

{¶ 11} The procedural history of *Dick* is somewhat similar to the case at hand. In *Dick*, the trial court dismissed a pending R.C. 2950.09(C) proceeding while the constitutionality of R.C. 2950.09 was being considered by the Ohio Supreme Court. After the Ohio Supreme Court determined that R.C. 2950.09 was constitutional, the state again requested that Dick be adjudicated as a sexual predator, despite its failure to appeal the previous dismissal of its first request

---

1. The complete packet is not in the record; however, the victim statements and police report referenced in this paragraph were included with the hearing transcript.

2. The institutional summary report does not appear in the record transmitted to this court.

3. The RIV report does not appear in the record. "RIV" is not defined in the record but generally relates to reports of institutional violations.

for such determination. The *Dick* court, applying res judicata, held that the trial court was barred from making an R.C. 2950.09 determination.

{¶ 12} In the instant matter, the court's April 1997 entry was not a dismissal of the sexual predator classification proceeding but merely a refusal to hold a hearing or make any finding. The docket reflects no request by the state for a sexual predator hearing and no motion to dismiss. Thus, res judicata does not bar the court from conducting a subsequent classification hearing and determining Philpott's sexual predator status.

{¶ 13} We agree with the state's argument that the trial court's April 1997 entry did not create a right of appeal.

{¶ 14} As stated in *State v. Coffman* (2001), 91 Ohio St.3d 125, 742 N.E.2d 644:

{¶ 15} "The Ohio Constitution confers upon appellate courts 'such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals.' Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2505.02 sets forth those orders that are 'final orders' subject to review by Ohio's appellate courts."

{¶ 16} R.C. 2505.02(A)(2) defines a "special proceeding" as "an action or proceeding that is specially created by statute." Sexual predator determination hearings were specifically created by R.C. 2950.09; thus, classification hearings are "special proceedings." In order for a court's decision in a special proceeding to be a final order, the order must affect a substantial right. R.C. 2505.02(B)(2).

{¶ 17} The General Assembly specifically provided offenders and prosecutors a right of appeal in R.C. 2950.09(C)(2)(b)(v). By creating this specific right to appellate review, we conclude that the General Assembly has determined that a substantial right is affected by a sexual predator proceeding when a judge makes a "determination under R.C. 2950.09(C)(1) as to whether the offender is, or is not, a sexual predator." See R.C. 2950.09(C)(2)(b)(v). Here, the trial court made no determination regarding Philpott's sexual predator status. Accordingly, no substantial right was affected when the trial court declined to make a determination under R.C. 2950.09.

{¶ 18} Further, in the absence of an express provision setting forth a right to appeal, when the trial court declines to make a determination under R.C. 2950.09(C), we conclude that such an entry by the court is not a final appealable order.[4] Cf. *State v. Coffman*, 91 Ohio St.3d at 128, 742 N.E.2d 644 (finding that a

---

4. In *Dick*, the Third District Court of Appeals rejected the argument that R.C. 2950.09(C)(2)(b)(v) provides the exclusive mechanism by which a sexual predator determination may be appealed. However, it did so without analysis; instead, the *Dick* court rejected

defendant does not have a right to appeal an order denying shock probation because such determination is the result of a special proceeding, subject to appeal only upon clear directive by the General Assembly).

{¶ 19} In addition, application of Civ.R. 41(B)(3) does not support a finding that the court's April 1997 entry constituted an adjudication on the merits.

{¶ 20} Civ.R. 41(B)(3) provides:

{¶ 21} "A dismissal under division (B) of this rule and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

{¶ 22} In the instant case, the trial court's April 1997 entry states:

{¶ 23} "Court notified of DRC recommendation to classify defendant as a sexual offender, pursuant to House Bill 180. Hearing not held. The court declines to make a finding in this matter and further finds the application of House Bill 180 to this defendant to be violative of the *ex post facto* clause of the United States constitution and the retroactive clause of the Ohio constitution. Defendant to remain incarcerated to serve the remainder of the term."

{¶ 24} The trial court's entry was not an "order of dismissal" pursuant to Civ.R. 41(B)(3). The trial court abstained from making a determination on Philpott's sexual predator status; it did *not* specifically dismiss the matter pursuant to Civ.R. 41(B)(3). Accordingly, the journal entry does not automatically operate as a dismissal on the merits.

{¶ 25} Therefore, we find that the trial court's April 1997 entry did not constitute a decision on the merits and was not a final appealable order. Thus, the state's failure to appeal such a decision is of no consequence. As such, we distinguish the procedural facts from those found in *Dick* and find that the doctrine of res judicata did not preclude the trial court from determining Philpott's sexual predator status.

{¶ 26} "II. The evidence is insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant 'is likely to engage in the future in one or more sexually oriented offenses.'"

{¶ 27} Philpott argues that the trial court's finding that he is a sexual predator is not supported by clear and convincing evidence.

---

the argument solely because the state "fail[ed] to cite to any case law supporting its argument that the trial court's * * * order * * * was nonfinal." Id. at 263, 738 N.E.2d 456. The court also relied on the history of the prosecutors in its district appealing the dismissals as proof that the dismissals constituted final orders.

{¶ 28}  A "sexual predator" is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.

{¶ 29}  Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future.   R.C. 2950.09(B)(3).

{¶ 30}  As stated in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881, citing *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118:

{¶ 31}  "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.   It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.   It does not mean clear and unequivocal."

{¶ 32}  In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof.   *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.

{¶ 33}  Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to those factors enumerated in the statute.   The factors in the statute are as follows:

{¶ 34}  "(a) The offender's age;  (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;  (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;  (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;  (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;  (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;  (g) Any mental illness or mental disability of the offender;  (h) The nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;  (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed

cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."

{¶ 35} The trial court reviewed all of the above evidence and made findings under the factors listed in R.C. 2950.09(B)(2)(b), (d), (f), and (i).

{¶ 36} The court applied R.C. 2950.09(B)(2)(d), finding that the attempted rape involved multiple victims because Philpott committed the crime in the presence of a child and others.

{¶ 37} The court further noted that Philpott has not attended or successfully completed any sexual offender programs. R.C. 2950.09(B)(2)(f).

{¶ 38} The trial court noted "the cruelty shown to the victims at the time" that the crime was committed. R.C. 2950.09(B)(2)(i). Although the trial court did not explain why it made this conclusion, it did note Philpott's use of a gun to perform the attack and the "combative nature" of the crime.

{¶ 39} Further, the trial court noted Philpott's "extremely assaultive RIV record." R.C. 2950.09(B)(2)(j). The trial court listed seven incidents of fighting and acts of disobedience that took place in 1994, 1995, 1997, 1999, and 2000. It acknowledged that the acts were not sexual in nature.

{¶ 40} In regard to R.C. 2950.09(B)(2)(b), the trial court noted that Philpott "has a prior criminal history of robbery, assault, kidnapping, aggravated burglary and attempted rape." The trial court further stated that he committed the act while he was on parole, and that "he had a prior conviction in 1979 for a sexual offense." In making its finding that he is a sexual predator, the trial court also noted "the defendant's history of sexual criminal activity."

{¶ 41} However, the evidence provided to the court does not support a finding that Philpott has a history of *sexual* criminal activity. In making its findings, the trial court erred in determining that he was convicted of kidnapping. According to the state, he was actually convicted of the lesser offense of abduction. Further, the trial court erroneously stated that this conviction was a sexual offense. The only evidence of the 1979 conviction was the victim's statement, which does not contain any information that the abduction was sexual in nature. Further, R.C. 2905.02 does not include a sexual element.

{¶ 42} The 1980 felonious assault conviction was for Philpott's act of burning his infant son with a cigarette. Although this act was reprehensible, it was not sexual in nature.

{¶ 43} As the Ohio Supreme Court stated in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 162, 743 N.E.2d 881:

{¶ 44} "One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses,

particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior."

{¶ 45} Here, there is one fact which supports the finding that Philpott is likely to reoffend. His last conviction was for a sexual offense, and, as the court noted, the record is void of any evidence that he has taken advantage of the sexual offender programs available in prison.

{¶ 46} Based on a review of the record, we find that the trial court's determination is based on sufficient evidence.

{¶ 47} "III. The appellant's hearing violated due process and the concepts of separation of powers because the trial court presented and relied upon evidence not presented by the state."

{¶ 48} As stated above, in determining Philpott's sexual predator status, the trial court also cited to evidence from the RIV report regarding his disobedience and assaultive behavior while in prison.

{¶ 49} Philpott argues that the court's inclusion of this report violates the concepts of separation of powers and due process. The basis of this argument is that the court relied on the information contained in the report, even though the prosecutor did not refer to it in his argument.

{¶ 50} Philpott's argument is without merit. Although the prosecutor did not specifically refer to this report in his argument, this report was submitted as evidence for the court's review. Further, the trial court ensured that both parties were provided with the report and continued the hearing so that they had ample time to review it prior to the hearing. Thus, we find that the trial court did not err in including information from the RIV report when making its determination.

{¶ 51} Accordingly, Philpott's third assignment of error is overruled.

Judgment affirmed.

TIMOTHY E. MCMONAGLE, A.J., and KENNETH A. ROCCO, J., concur.