OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Defendant-appellant Michael Bradley ("Bradley") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to withdraw his guilty pleas after sentencing.
On January 17, 1999, Bradley was arrested on one count of gross sexual imposition, one count of rape and one count of sexual battery. Bradley entered pleas of not guilty to these charges on January 21, 1999. On February 25, 1999, Bradley filed a motion to suppress his previous statements because the police did not notify him of his rights prior to questioning him. The motion to suppress was overruled because at the time of the questioning, Bradley was not in custody and knew that he was free to leave at any time. On May 17, 1999, Bradley withdrew his not guilty pleas and entered a plea of guilty to sexual battery and attempted rape. Pursuant to a plea agreement the charges of gross sexual imposition and rape were dismissed. A sentencing hearing was held on July 14, 1999, and Bradley was sentenced to a total of eight years in prison.
On June 5, 2001, Bradley filed a motion to withdraw his guilty plea. The basis for the motion was that his prior statement was not voluntarily given. A hearing on the motion was held on November 2, 2001. Bradley filed a suppplemental memorandum in support of his petition on November 8, 2001. On November 16, 2001, the trial court overruled the motion to withdraw the guilty pleas. It is from this judgment that Bradley appeals.
Bradley raises the following assignments of error.
 The trial court erred in not evaluating the voluntariness of Bradley's statement under a standard separate from Miranda.
 The trial court further erred in its determination that Bradley's statement was made voluntarily.
A motion to withdraw a guilty plea may be granted after sentencing only to correct a manifest injustice. Crim.R. 32.1. The decision whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715. Absent a showing or unreasonableness or arbitrariness, the decision of the trial court will not be reversed. Id.
In his assignments of error, Bradley claims that the trial court erred in not finding his confession to be involuntarily given when it ruled on his motion to suppress. Bradley claims that his trial counsel was ineffective because he failed to properly argue the involuntariness of the confession. Bradley does not claim that he is not guilty or that his guilty plea was flawed. Instead, he merely focuses on the voluntariness of his statements to the police. Thus, what he is really challenging is the trial court's ruling on the motion to suppress.
"[I]n the context of post-conviction relief, this court has repeatedly held that a defendant's failure to appeal a judgment of conviction is ares judicata bar to a subsequent attempt to litigate issues that could have been raised on a direct appeal." State v. Dick (2000),137 Ohio App.3d 260, 263, 738 N.E.2d 456, 458. In this case, Bradley was claiming that his motion to suppress should have been granted and that his trial counsel was ineffective. Both of these issues were claims based upon the record and could have been appealed following conviction, however no appeal was taken. The assignments of error are overruled.
The judgments of the Court of Common Pleas of Allen County are affirmed.
Judgments affirmed.
HADLEY and WALTERS, JJ., concur.