OPINION
Petitioner-appellant Lee Allen Russell ("Russell") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County denying Russell's petition for post-conviction relief.
On October 1, 1999, Russell was indicted on one count of gross sexual imposition. Russell then entered into a stipulation on November 9, 1999, which permitted the admission of polygraph test results. The polygraph was then administered on November 22, 1999. At trial, the examiner testified that the results of Russell's polygraph indicated that he was being deceptive about his culpability. On May 16, 2000, Russell was convicted and subsequently sentenced to five years in prison. Russell appealed the decision of the trial court. The appeal was overruled on November 15, 2000.
On December 26, 2000, Russell filed a petition for post-conviction relief. In this petition, he claimed that 1) his trial counsel was ineffective, 2) the polygraph stipulation was invalid, and 3) the polygraph was not properly conducted. A hearing was held on Russell's petition on October 1, 2001. Russell called three witnesses testify on his behalf. The State responded with a witness of its own and some exhibits. Both parties filed post-hearing briefs. On January 18, 2002, the trial court denied Russell's petition for post-conviction relief. It is from this judgment that Russell appeals.
Russell raises the following assignments of error.
"The trial court erred in dismissing [Russell's] first ground for relief alleging ineffective assistance of counsel, where he presented the testimony of an attorney expert and other evidence to substantiate his claim, in violation of [Russell's] rights under the sixth andfourteenth amendments to the United States Constitution and Article I, sections 10
and 16 of the Ohio Constitution.
"The trial court erred in finding that [Russell's] stipulation to the admission of polygraph evidence was knowing, intelligent and voluntary when he presented the testimony of a linguistics expert and [Russell's] psychological records to substantiate his claim, in violation of thefourteenth amendment to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.
"The trial court erred in finding that the polygraph testing in this case was conducted properly when [Russell] presented the testimony of a polygraph expert to substantiate his claim, in violation of [Russell's] right to due process under the fourteenth amendment to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."
In his first assignment of error, Russell claims that the trial court erred in denying his claim of ineffective assistance of counsel. The basis of this claim is that his attorney should not have advised Russell to agree to the admissibility of the polygraph prior to the test, that the attorney should have cross-examined the victim on his motives to lie and about the prescription drugs he was taking at the time of the trial.[1] In support of this claim, Russell presented the testimony of an expert on attorney representation which claimed that Russell's attorney was incompetent.
"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
"On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control." State v. Jackson (1980), 64 Ohio St.2d 107, 110-11,413 N.E.2d 819, 822.
Russell claims that his counsel was ineffective for advising Russell to stipulate to the admissibility of the polygraph results prior to the test being taken and for failing to adequately cross-examine the test examiner at trial. A defendant may stipulate to the admissibility of the results of his or her own polygraph as long as certain requirements are met.State v. Souel (1978), 53 Ohio St.2d 123, 372 N.E.2d 1318. These conditions are as follows:
 "(1) The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.
 "(2) Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.
 "(3) If the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:
"(a) the examiner's qualifications and training;
"(b) the conditions under which the test was administered;
 "(c) the limitations of and possibilities for error in the technique of polygraphic interrogations; and
 "(d) at the discretion of the trial judge, any other matter deemed pertinent to the inquiry.
 "(4) If such evidence is admitted the trial judge should instruct the jury to the effect that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, and that it is for the jurors to determine what weight and effect such testimony should be given." Id. at 123.
Here, these requirements were met by the stipulation signed by Russell. After the test, Russell's trial counsel filed various motions attempting to void the stipulation and to prohibit the admission of the test results. This court has previously held that by filing these motions, Russell's trial counsel was acting competently. This court has also previously held that Russell's trial counsel did cross-examine the polygraph examiner at trial regarding the testing procedures and his opinion. Thus, Russell's claims about his trial counsel on this matter are without merit.
Next Russell claims that his trial counsel was ineffective because he did not adequately question the victim on his motives to lie and the effect the prescription drugs the victim was taking had on him. The trial court found that trial counsel did effectively cross-examine the victim on those very issues. This issue could have been raised on direct appeal, but was not. "[I]n the context of post-conviction relief, this court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a res judicata bar to a subsequent attempt to litigate issues that could have been raised on a direct appeal." State v. Dick
(2000), 137 Ohio App.3d 260, 263, 738 N.E.2d 456. The record of the trial indicates that trial counsel did not question the victim on the side effects of one of the prescription drugs he was taking. Thus, the issue could have been raised on direct appeal, but was not. The result is that it cannot be raised now in a petition for post-conviction relief. The first assignment of error is overruled.
In the second assignment of error, Russell claims that his waiver of rights in the polygraph stipulation was not voluntarily given. However, a review of the record indicates that a hearing was held concerning the signing of the stipulation. At the hearing, the trial court questioned Russell as to his understanding of the stipulation. The trial court also informed Russell that he did not have to testify and that by taking the polygraph he would, in effect, be waiving that right. The trial court also questioned Russell about his ability to read, write, and understand the English language. Russell informed the court that he had a high school education, that he understood the agreement, and that he was voluntarily entering into it. Based upon this, the trial court did not err in overruling Russell's petition for post-conviction relief based upon the involuntariness of the stipulation. The second assignment of error is overruled.
Finally, Russell claims that the trial court erred in not finding that the polygraph was incorrectly conducted. In support of this argument, Russell presented the testimony of a second polygraph examiner who testified as to how he would have administered the exam. This court has previously held in this case that the trial counsel cross-examined the examiner on the procedures followed and that the results were properly admitted. The trial court determined, after reviewing all of the evidence before it after the hearing on the petition that the polygraph test administered to Russell was not improperly administered. The testimony of Russell's expert was that he believed the testing procedures were improper. However, the expert also testified that there are different schools of thought as to proper testing procedures and that there are no set standards for polygraph testing. Thus, all he testified to was a differing opinion on how to conduct an examination. Based on this testimony, the trial court could conclude that the original examiner's method was still valid and did not abuse its discretion in overruling the petition for post-conviction relief. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment Affirmed.
SHAW, P.J. and WALTERS, J., concur.
[1] This issue was addressed in our judgment entry in State v. Russell
(Nov. 15, 2000), Van Wert App. No. 15-2000-07, unreported.