OPINION
{¶ 1} Defendant-appellant, J. James Shekerko ("Shekerko"), appeals the October 5, 2004 judgment entry of the Portage County Court of Common Pleas denying Shekerko's "Pre-Emption to States Action Motion for Pre-Emption from Action or Party to the States Action," construed as a motion for post-conviction relief. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Following a jury trial, Shekerko was convicted of two counts of Rape, in violation of R.C. 2907.02(A)(2) and (B), one count of Kidnapping, in violation of R.C. 2905.01(A)(3), (4) and (C), and fifty-three counts of Telephone Harassment with specifications of prior convictions of an offense of violence, in violation of R.C. 2917.21(A)(3), (B) and (C), 2941.143, and 2929.11(B(7). On July 9, 1987, the trial court sentenced Shekerko to ten to twenty-five years in prison with actual incarceration of ten years for each count of Rape and Kidnapping and to three to five years in prison for each of the Telephone Harassment counts; all sentences to run consecutively. Shekerko's convictions and sentence were upheld by this court in State v. Shekerko (Feb. 17, 1989), 11th Dist. No. 1864, 1989 Ohio App. LEXIS 543.
 {¶ 3} On August 8, 1997, the trial court journalized a letter addressed to the Record Officer Supervisor of the Ross Correctional Institution regarding Shekerko. This letter is signed by Common Pleas Court Judges Jospeh R. Kainrad and John A. Enlow and reads: "Pursuant to Revised Code Section 2950.09 (C) [providing for the classification of sexually oriented offenders as sexual predators], you are hereby notified that the Court of Common Pleas of Portage County, Ohio has found the Sexual Predator Law unconstitutional."
 {¶ 4} At the time the trial court journalized the letter regarding R.C. 2950.09(C), no proceedings to determine Shekerko's sexual predator status had been initiated or were pending in common pleas court.
 {¶ 5} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, and Statev. Williams, 88 Ohio St.3d 513, 2000-Ohio-428, the Ohio Supreme Court upheld the constitutionality of Ohio's sexual predator statutes.
 {¶ 6} On March 27, 2002, the State moved the trial court to determine Shekerko's status as a sexual predator. Shekerko filed several motions, pro se, opposing the proceedings to determine his status as a sexual predator. Among the arguments raised by Shekerko were that the proceedings were barred by the six-year statute of limitations on prosecutions and that the trial court lacked subject matter jurisdiction. The trial court overruled Shekerko's motions. On April 30, 2002, the trial court appointed counsel to represent Shekerko, although Shekerko continued to file motions pro se. The record does not indicate that a hearing has ever been held on Shekerko's status as a sexual predator. Nor does it appear that the court has taken any action on the State's motion since June 2003, when it granted Shekerko's motion for an independent sexual offender examination at his own expense.
 {¶ 7} On July 27, 2004, Shekerko, pro se, filed a "Pre-Emption to States Action Motion for Pre-Emption from Action or Party to the States Action." In this motion, Shekerko again asserts that limitations period on prosecutions has run and advances several other arguments of no recognizable legal significance.
 {¶ 8} On October 5, 2004, the trial court construed Shekerko's filing as a petition for post conviction relief and denied the same as untimely. On October 25, 2004, Shekerko filed a notice of appeal and moved for the appointment of counsel. This court appointed counsel. The following assignment of error is presented for our review: "The trial court erred and/or abused its discretion to the prejudice of defendant/appellant when it denied his motion to dismiss prosecutor's actions to pursue further actions for sexual predator classification of defendant."
 {¶ 9} On appeal, Shekerko argues, through counsel, that the issue of his classification as a sexual predator is res judicata. According to Shekerko, the proceedings on this issue were complete "as adjudicated on August 8, 1997, when two common pleas court judges found 2950.09(C) * * * unconstitutional as applied to defendant-appellant."
 {¶ 10} Shekerko relies on State v. Dick, 137 Ohio App.3d 260,2000-Ohio-1685, discretionary appeal not allowed, 90 Ohio St.3d 1405
(2000). In Dick, appellant had been convicted of rape and gross sexual imposition in 1988. Id. at 261. In 1997, following the passage of Am.Sub.H.B. No. 180 amending R.C. Chapter 2950, sexual offender classification proceedings were initiated against appellant. Id. at 262. Appellant moved the trial court to dismiss the proceedings, arguing the constitutionality of the new law. On November 20, 1997, the trial court granted appellant's motion to dismiss. Following the Cook decision, proceedings were initiated again and appellant was adjudicated a sexual predator. The court of appeals reversed, holding "that the trial court's November 20, 1997 order was a valid, final judgment on the merits of defendant's sexual offender status under R.C. Chapter 2950," and, therefore, "the sexual offender classification proceedings commenced on July 5, 1999, were barred by the doctrine of res judicata." Id. at 265.
 {¶ 11} The State urges that Dick is distinguishable and that the case of State v. Philpott, 147 Ohio App.3d 505, 2002-Ohio-808, is applicable. In Philpott, appellant had been convicted of attempted rape in 1984. Id. at ¶ 2. In April 1997, "without a hearing or any motion being filed, the trial court issued an order in which it declined to make a determination of [appellant's] sexual predator status." Id. at ¶ 4. When, in January 2001, the State requested a sexual predator adjudication, appellant moved to dismiss, asserting that the trial court was barred by res judicata from making that determination. Id. at ¶ 5. The trial court denied appellant's motion to dismiss and the court of appeals affirmed. The court of appeals concluded that, because the trial court's order of April 1997 judgment entry was not a final appealable order, res judicata did not apply. Id. at ¶ 18. "[T]he court's April 1997 entry was not a dismissal of the sexual predator classification proceeding but merely a refusal to hold a hearing or make any finding. The docket reflects no request by the state for sexual predator hearing and no motion to dismiss. Thus, res judicata does not bar the court from conducting a subsequent classification hearing and determining [appellant's] sexual predator status." Id. at ¶ 12.
 {¶ 12} We agree with the State that Philpott is more closely analogous to the facts of the present case. Prior to 2002, the State had not made any request of the trial court to determine Shekerko's sexual predator status. Nor does the trial court's docket reflect any action being taken toward making such a determination.[1] The August 8, 1997 entry is not a formal pronouncement of the court relative to Shekerko's case. It is not captioned as a normal judgment entry, nor does it appear to have been served on the parties in accordance with Civ.R. 58(B). At most, the letter journalized on August 8, 1997 constitutes notice that the R.C.2950.09(C) had been found unconstitutional. The entry neither terminates nor dismisses any proceedings relative to Shekerko for the simple reason that the State had not initiated any proceedings. Therefore, the August 8, 1997 entry was not a final order and does not bar, under the principles of res judicata, the State's subsequent efforts to have Shekerko's sexual predator status determined.
 {¶ 13} Shekerko's sole assignment of error is without merit. The judgment of the Portage County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] Shekerko's appellate brief states: "On June 12, 1997, Daniel Smith, P.O. of Ross Correctional Institution completed a sexual predator screening instrument as part of the H.B. 180 requirements for classification as sexual predator status in regards to Mr. Shekerko." This action, if taken, does not constitute judicial action. Nothing in the record before this court indicates that any action had been taken by the State toward the judicial adjudication of Shekerko's status as sexual predator. Moreover, this court may not consider evidence that is not made part of the record on appeal. App.R. 9(A) and 12(A)(1)(b); Fultz v. St.Clair, 11th Dist No. 2001-L-165, 2002-Ohio-7142, at ¶ 95 n. 4.