DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Clifford Lee Hardy, appeals from the judgment of the Summit County Court of Common Pleas which convicted him of rape and adjudicated him a sexual predator. We reverse for resentencing.
 {¶ 2} In 1985, Defendant was convicted of rape, in violation of R.C. 2907.02. Defendant was sentenced to 12 to 25 years in prison. A sexual predator hearing was held on September 22, 2003, and Defendant was adjudicated a sexual predator. Defendant has now timely appealed and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court's determination that [Defendant] was a sexual predator was contrary to law."
 {¶ 3} In his sole assignment of error, Defendant asserts that his sexual predator classification is contrary to law. Specifically, Defendant argues that the trial court failed to comply with the requirements that are set forth in R.C.2950.09(B) and (E) when adjudicating him a sexual predator. Defendant's assignment of error is well taken.
 {¶ 4} A sexual predator is defined as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Pursuant to R.C. 2950.09(B)(4), a trial court "shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is a sexual predator and shall specify that the determination was pursuant to division (B) of this section."
 {¶ 5} At the sexual predator hearing, Defendant was classified as a sexual predator. The trial court indicated in its journal entry that it "considered the record * * * and the criteria set forth in [R.C.] 2950.09 and H.B 180" and concluded that "Defendant is a sexual predator, and likely to re-offend[.]" (Emphasis omitted.) This does not comply with R.C. 2950.09(B)(4) requirements. See State v. Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, at ¶ 30 (holding that the trial court's judgment entry of sentencing failed to comply with R.C. 2950.09(B)(4), which states that "the court `shall specify in the offender's sentence and the judgment of conviction that contains the sentence' that the court has determined that the offender is a sexual predator and shall specify that the determination was pursuant to R.C. 2950.09(B)"). Thus, Defendant's first assignment of error, as it relates to the requirements of R.C. 2950.09(B) is sustained.
 {¶ 6} Additionally, when a defendant has been convicted or pleads guilty to a sexually oriented offense, R.C. 2950.09(E) requires the trial court to make a determination regarding the offender's status as a habitual offender. State v. Gopp, 9th Dist. No. 03CA0018, 2003-Ohio-4908 at ¶ 11, citing State v.Rhodes, 7th Dist. 99 BA 62, 2002-Ohio-1572 at ¶ 41. "This finding must be made regardless of whether the offender was already adjudicated as a sexual predator for the commission of the sexually oriented offense[,]" as the offender may be adjudicated both a sexual offender and habitual offender for the same offense. Rhodes at ¶ 41.
 {¶ 7} In the case at bar, Defendant was convicted of rape, a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the requirements set forth in R.C. 2950.09(E) are applicable. As previously noted, the trial court indicated, "[this] Court, having considered * * * the criteria set forth in [R.C.] 2950.09
and H.B. 180, finds by clear and convincing evidence that the Defendant is a sexual predator, and likely to re-offend, and * * * Defendant must comply with lifetime residence address registration[.]" (Emphasis omitted.) Although the trial court stated that Defendant was adjudicated a sexual predator, his status as a habitual offender was not addressed. Pursuant to R.C.2950.09(E), the trial court must expressly make a habitual-offender determination. Moreover, we note that the State conceded that this required determination regarding Defendant's status as a habitual offender was not made. Therefore, we must sustain the remainder of Defendant's assignment of error
 {¶ 8} As the trial court failed to comply with the requirements of R.C. 2950.09(B) and R.C. 2950.09(E), Defendant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed for resentencing.
Judgment reversed for resentencing.
Carr, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J., concur.