JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Reginald Sevayega ("appellant"), appeals from the judgment of the Cuyahoga County Common Pleas Court finding him to be a sexual predator. Appellant contends that the evidence was insufficient to support this finding, and the trial court should have stayed the sexual offender classification hearing pending resolution of his petition for postconviction relief. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} Appellant was working at Cuyahoga Community College ("Tri-C") as a professor on July 20, 1992. On that day, appellant saw one of his students, the victim in this case, after leaving his evening philosophy class. In response to a question by appellant, the victim told him that she was on her way home. After some additional conversation, appellant told her that he knew a shortcut she could use to go to her car. The victim, who was new to Tri-C and unfamiliar with the campus, followed appellant, who said he would show her the shortcut. As they walked along, appellant engaged the victim in pleasant conversation. He led the victim to a piano practice room in the music building. Once they reached the room, appellant grabbed the victim's arm, pushed her into the room, and pinned her against the wall. He held both of her arms above her head, removed her pants, and raped her. After a short time, the victim managed to get away and run to her car.
 {¶ 3} The victim did not immediately report the rape to the police because she was initially embarrassed. Appellant called her the day after the incident and said "I want more * * * of your juices flowing." On the next day he called her again and asked why she was not in class for the midterm examination. The victim continued to skip class and asked university officials to transfer her to another class. She told them initially that appellant exposed himself to her, but later told them that he had raped her.
 {¶ 4} Appellant was subsequently arrested. During the investigation of the crime, appellant asked Vicki Challenger, one of his other students, to write a letter on his behalf. In her letter, Challenger described what happened on July 22, the day of the midterm examination. She wrote that the victim did not attend class on that day. Challenger also wrote that she left the classroom with appellant after the exam and that they talked briefly about her plans to go to a local coffee shop with another student. According to Challenger, appellant headed to his car after their conversation. Though Challenger's letter correctly indicated that the midterm examination and the other events described in the letter took place on July 22, appellant later changed the date to July 20.
 {¶ 5} Before appellant's trial, the trial court granted a motion in limine filed by appellant to prevent the state from introducing evidence from eight other women at Tri-C who claimed to have been sexually harassed by appellant. After a jury trial, appellant was convicted of rape and tampering with evidence and was sentenced to seven to twenty-five years for the rape, followed by two concurrent one-year sentences for tampering with evidence. State v. Sevayega, Cuyahoga App. No. 65942, 1994-Ohio-4209.
 {¶ 6} Appellant filed an appeal with this court and his appeal was denied on all assignments of error. In November 1997, appellant filed a pro se petition for postconviction relief. The trial court subsequently denied the petition. Appellant was released from prison in April 2003. In May 2003, after his release, he filed a second petition for postconviction relief.
 {¶ 7} Pursuant to a recommendation from the Ohio Department of Rehabilitation and Correction that appellant be classified as a sexual predator, the trial court held a sexual offender classification hearing in July 2003. The trial court denied appellant's motion to postpone the hearing pending resolution of his second petition for postconviction relief.
 {¶ 8} At the sexual offender classification hearing, the state of Ohio presented the testimony of five women who testified that appellant had sexually harassed them while he was a professor at Tri-C. The testimony of the women had been excluded from trial as more prejudicial to appellant than probative. In addition to the testimony from the women, Detective Mark Hastings and licensed clinical counselor Martha Beltz also testified at the hearing. Appellant was found to be a sexual predator at the above hearing and is now appealing that finding to this court.
 II. {¶ 9} First assignment of error: "The court erred by overruling appellant's motion to stay proceedings pending the resolution of appellant's petition for post-conviction relief."
 {¶ 10} We find appellant's first argument to be without merit. First, there is nothing within the statutory scheme of R.C. 2950 which requires such action. R.C. 2950.09(C) instructs a trial court that, upon recommendation by the Department of Rehabilitation and Correction that a defendant be adjudicated a sexual predator, it must hold a sexual offender classification hearing within one year from the inmate's release from prison. There is no provision in the statute for a stay of the hearing pending the outcome of other motions or petitions.
 {¶ 11} In addition, appellant offers no evidence to demonstrate how he was prejudiced by the trial court's failure to stay the hearing until the court had ruled on his petition. Our review of the record indicates that he was not prejudiced in any way by the order in which the hearings were held. At the conclusion of the sexual offender classification hearing, the trial judge stated, in reference to appellant's petition for postconviction relief:
"I will set it for a hearing, and should in fact it come outthat you end up getting a new trial, to add more confusion toeverything here, if that's the case, this court is going to bevoided."
 {¶ 12} Thus, it is apparent that the trial judge recognized that his decision regarding appellant's sexual predator status could change, depending upon his ruling on the petition for postconviction relief.
 {¶ 13} Appellant's first assignment of error is therefore overruled.
 {¶ 14} Appellant's second assignment of error states the following: "The evidence was insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 15} R.C. 2950.09, is titled "classification as sexual predator; determination hearing; petition for removal from classification." More specifically, R.C. 2950.09(B)(3)(a) through (j) provides the following:
"(3) In making a determination under divisions (B)(1) and (4)of this section as to whether an offender or delinquent child isa sexual predator, the judge shall consider all relevant factors,including, but not limited to, all of the following:
 (a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal ordelinquency record regarding all offenses, including, but notlimited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed or the order of disposition is tobe made;
 (d) Whether the sexually oriented offense for which sentenceis to be imposed or the order of disposition is to be madeinvolved multiple victims;
 (e) Whether the offender or delinquent child used drugs oralcohol to impair the victim of the sexually oriented offense orto prevent the victim from resisting;
 (f) If the offender or delinquent child previously has beenconvicted of or pleaded guilty to, or been adjudicated adelinquent child for committing an act that if committed by anadult would be, a criminal offense, whether the offender ordelinquent child completed any sentence or dispositional orderimposed for the prior offense or act and, if the prior offense oract was a sex offense or a sexually oriented offense, whether theoffender or delinquent child participated in available programsfor sexual offenders;
 (g) Any mental illness or mental disability of the offender ordelinquent child;
 (h) The nature of the offender's or delinquent child's sexualconduct, sexual contact, or interaction in a sexual context withthe victim of the sexually oriented offense and whether thesexual conduct, sexual contact, or interaction in a sexualcontext was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during thecommission of the sexually oriented offense for which sentence isto be imposed or the order of disposition is to be made,displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contributeto the offender's or delinquent child's conduct."[1]
 {¶ 16} Despite this seemingly exhaustive list, the statute does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all factors which are relevant to its determination. State v. Cook (1998),83 Ohio St.3d 404, 426, 1998-Ohio-291; State v. Ivery (Feb. 18, 1999), Cuyahoga App. No. 72911, citing State v. Tracy (May 20, 1998), Summit App. No. 18623; and State v. Cole, Cuyahoga App. No. 82338, 2003-Ohio-7061.
 {¶ 17} We find that the evidence presented in the record demonstrates
 {¶ 18} that the sexual predator classification was proper. The testimony
 {¶ 19} of Detective Mark Hastings is a typical example of the evidence given to support the trial court's sexual predator classification. Detective Hastings testified that he was struck by the similarities between what happened to the victim compared to what happened to other women who testified that the defendant acted inappropriately with them. In addition, we find the words of the trial court judge to be worth mentioning. The trial court's comments were enlightening and significant. The lower court judge stated that:
" * * * the record doesn't really depict the demeanor ofthese people on the witness stand. They couldn't look at you,and you didn't want to look at them either. While that doesn'tmake someone guilty, they were terrified of you, terrified ofyou. If you are going to put this web out again, you are goingto get caught in it, at least we are going to know where you arebecause I am going to determine that you are a sexual predator,and I would like your address sir."
 {¶ 20} (Emphasis added.)
 {¶ 21} In either a criminal or a civil case, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967),10 Ohio St.2d 230. The trial judge in the case at bar was able to observe the demeanor of the witnesses firsthand and, as such, was in a better position to judge the testimony.
 {¶ 22} We find the evidence presented is more than sufficient to establish by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 23} Appellant's second assignment of error is overruled and the trial court's decision is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., Concurs in Judgment only with separateConcurring Opinion; McMonagle, P.J., Concurs with Assignment ofError One and Dissents regarding Assignment of Error Two withSeparate Concurring and Dissenting Opinion.
[1] Note that R.C. Sections 2950.09(B)(2)(a) through (j) are now listed in R.C. 2950.09(B)(3).