The STATE of Ohio, Appellee,

v.

KENNEDY, Appellant.

[Cite as *State v. Kennedy*, 161 Ohio App.3d 127, 2005-Ohio-2461.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85086.

Decided May 19, 2005.

128

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renee L. Snow, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

FRANK D. CELEBREZZE JR., Presiding Judge.

{¶ 1} Appellant, Willis Kennedy, received a life sentence for his December 23, 1988 conviction on three counts of rape, in violation of R.C. 2907.02. After his release from prison in 2004, he was classified as a sexual predator on July 13, 2004, and now appeals that classification. After a review of the record and the arguments of the parties, we affirm the judgment of the trial court for the reasons set forth below.

{¶ 2} At the H.B. 180 hearing to determine appellants' classification as a sexual offender, the state presented the appellant's prison record and a psychological evaluation. Appellant testified on his own behalf. Despite appellant's participation in sex-offender programs while in prison and on parole, the trial court found him to be a sexual predator because of his past criminal history, the pattern of sexual abuse with the victim, the age of the victim, and his tendency toward pedophilia, as indicated on the Abel Assessment. Appellant now brings this appeal with four assignments of error.

{¶ 3} "I. The evidence is insufficient as a matter of law to prove by clear and convincing evidence that Mr. Kennedy is likely to engage in the future in one or more sexually oriented offenses.

{¶ 4} "II. R.C. 2950.01 et seq. as applied to Mr. Kennedy violates Art. I, Sec. 10 of the United States Constitution as ex post facto legislation and violates Art. II, Sec. 28 of the Ohio Constitution as retroactive legislation.

{¶ 5} "III. The trial court improperly considered uncharged acts as an aggravating factor in its sexual predator determination.

{¶ 6} "IV. The trial court erred when it considered Mr. Kennedy's prior convictions for abduction for immoral purposes and white slavery to be sexually oriented offenses." [1]

---

1. Although appellant argues four assignments of error, only three were included in the required statement of Assignments of Error and the Table of Contents in appellant's merit

{¶ 7} Appellant argues in his second assignment of error that the notification and registration requirements of the sexual-offender-classification statute violate the prohibition against ex post facto laws in the Ohio and U.S. Constitutions. R.C. Chapter 2950 was determined to be constitutionally valid in *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. There, the Ohio Supreme Court held that the statute was neither impermissibly retroactive nor an ex post facto law:

{¶ 8} "R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one. [*Dept. of Revenue v.*] *Kurth Ranch* [1994], 511 U.S. [767] at 777, 114 S.Ct. [1937] at 1945, 128 L.Ed.2d [767] at 777, fn. 14. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." *Cook*, 83 Ohio St.3d 404 at 423, 700 N.E.2d 570.

{¶ 9} Appellant argues that the recent enactment of 2003 Sub.S.B.No. 5, which amended R.C. 2950.09 to prohibit a sexual predator from applying for reconsideration of that classification at a later date, renders R.C. Chapter 2950 unconstitutional. We disagree. Not only have this court and the Ohio Supreme Court addressed this issue, but the U.S. Supreme Court recently decided that these types of sexual-offender-registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164; *State v. Baron*, 156 Ohio App.3d 241, 2004-Ohio-747, 805 N.E.2d 173. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights. Appellant's second assignment of error is overruled.

{¶ 10} Having determined that R.C. Chapter 2950 is constitutionally valid and applicable to appellant's case, we turn to whether there exists sufficient evidence to classify appellant as a sexual predator. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to the

---

brief. Nonetheless, we will address all four assignments without sanction for appellee's failure to address this assignment.

offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).

{¶ 11} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222; *State v. Hamilton* (May 14, 1999), Darke App. No. 1474, 1999 WL 301484, quoting *In re Brown* (1994), 98 Ohio App.3d 337, 342–343, 648 N.E.2d 576. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence that goes to all the essential elements of the case. *Cohen v. Lamko* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407.

{¶ 12} Sexual-offender-classification hearings under R.C. 2950.09 are civil in nature. *State v. Gowdy*, 88 Ohio St.3d 387, 2000-Ohio-355, 727 N.E.2d 579, citing *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570. When conducting a sexual-predator hearing, a trial court may rely on information that was not introduced at trial. *State v. Thompson* (1999), 140 Ohio App.3d 638, 748 N.E.2d 1144. R.C. 2950.09(B)(2) does not require that each factor be met, only that all factors be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; *State v. Kisseberth*, Cuyahoga App. No. 82297, 2003-Ohio-5500, 2003 WL 22351264.

{¶ 13} In reviewing a claim of insufficient evidence, this court reviews the case de novo. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Review is limited to whether there is sufficient probative evidence to support the trial court's determination—that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 390, 678 N.E.2d 541; *State v. Overcash* (1999), 133 Ohio App.3d 90, 94, 726 N.E.2d 1076. In order to classify an offender as a sexual predator, the state must show that the offender is likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "[A] court may adjudicate a defendant a sexual predator so long as the court considers 'all relevant factors[,]' which may include a sole conviction."

*State v. Purser*, 153 Ohio App.3d 144, 2003-Ohio-3345, 791 N.E.2d 1053, ¶ 32, citing *State v. Ward* (1999), 130 Ohio App.3d 551, 560, 720 N.E.2d 603.

{¶ 14} The Ohio Supreme Court set forth three objectives of a sexual-predator hearing in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. First, a clear and accurate record of the evidence and/or testimony used must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(2) upon which it relied in making its determination as to the sexual-offender classification. *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881.

{¶ 15} In the instant case, a clear record of the evidence and testimony relied upon by the trial court was presented for review. Expert evaluation was undertaken to assess the appellant's propensity for reoffending, and it was determined that appellant has an abnormal interest in grade-school-aged female children. Though the trial court acknowledged appellant's efforts to address his problems and to live within the bounds of the law, it also took notice of the age of the victims of appellant's sexually oriented offenses and the seriousness of those offenses.

{¶ 16} Finally, it was proper for the trial court to consider appellant's prior convictions as sexually oriented offenses (although it was merely cumulative evidence based on the court's other findings). "Sexually oriented offense" is defined in R.C. 2950.01, and the former crimes of "white slavery" and "abduction for immoral purposes" satisfy the definition set forth therein.

{¶ 17} For these reasons, we find that the trial court complied with R.C. 2950.09 in making the classification, and there was sufficient clear and convincing evidence to support the sexual predator determination.

{¶ 18} R.C. 2950.09(E), however, requires the sentencing court to make a habitual-sexual-offender finding regardless of whether the court finds the offender to be a sexual predator. *State v. Rhodes*, Belmont App. No. 99 BA 62, 2002-Ohio-1572, 2002 WL 924450; *State v. Hardy*, Summit App. No. 21788, 2004-Ohio-2242, 2004 WL 948383. There exists sufficient evidence to support the trial court's determination that appellant is a sexual predator, but the trial court was still required, pursuant to this section, to determine whether appellant was a habitual sexual offender. Therefore, we affirm the trial court's sexual-predator classification but remand this case with instructions to amend the journal entry to

specifically indicate whether appellant was or was not classified as a habitual sexual offender.

Judgment affirmed
and cause remanded.

CHRISTINE T. McMONAGLE, J., concurs.

MICHAEL J. CORRIGAN, J., concurs in part and dissents in part.

MICHAEL J. CORRIGAN, Judge, concurring in part and dissenting in part.

{¶ 19} I concur with all but the decision to remand to the court so that Kennedy can be classified as a habitual sexual offender under R.C. 2950.09(E). The sexual-predator classification completely subsumes that of the habitual sexual offender—there would be no legal effect to the second classification. Forcing the court to make a second classification would be an exercise in futility.