JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. After appellant, Brian Johnson ("appellant"), pled guilty to attempted compelling prostitution, unlawful sexual conduct with a minor, and carrying a concealed weapon, the trial court classified appellant a sexual predator. Appellant now appeals, citing two assignments of error.
 I. {¶ 2} We will address appellant's second assignment of error first. Appellant argues that the evidence was insufficient to prove by "clear and convincing evidence" that he is "likely to engage in one or more sexually oriented offenses," because the trial court applied incorrect facts to make that determination. Upon review of the record, however, appellant's argument is without merit.
 {¶ 3} The pertinent factors a trial court must consider in determining whether an offender is a sexual predator are enumerated in R.C. 2950.09(B)(3), which includes:
 {¶ 4} "(a) The offender's or delinquent child's age;
 {¶ 5} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 6} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 7} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 8} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 9} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 10} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 11} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 12} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 13} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 14} Here, the trial court specifically considered the fact that appellant committed the sex offenses against multiple victims, the victims were 13 and 14 years old, the victims had mental disabilities, appellant assaulted one of the victims, appellant had prior convictions, and his age suggested a likelihood of recidivism. Although appellant argues that the trial court wrongly stated that he gave one of the victims drugs or alcohol, even if it was incorrect, the trial court properly found, based on the numerous other factors, that appellant is likely to engage in the future in one or more sexually oriented offenses. Based on these factors, the trial court properly classified appellant a sexual predator. Appellant's second assignment of error is overruled.
 II. {¶ 15} Turning to appellant's first assignment of error, he argues that the trial court failed to make a finding whether he was an habitual sexual offender. He contends that regardless of the fact that the trial court found him to be a sexual predator, the trial court committed plain error in failing to first determine his status as a habitual sexual offender. Without this finding, appellant argues that the case must be remanded for such a determination. The state concedes this argument.
 {¶ 16} R.C. 2950.09(E)(1) provides in pertinent part as follows:
 {¶ 17} "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offendershall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is ahabitual sex offender." (Emphasis added.)
 {¶ 18} Although this court is at a loss to find any significant legal effect such determination would have here, the case law requires that we "remand this case with instructions to amend the journal entry to specifically indicate whether appellant was or was not classified as an habitual sexual offender." State v. Kennedy, 161 Ohio App.3d 127,2005-Ohio-2461, ¶ 18, 829 N.E.2d 738; see, also, State v.Hurst, Montgomery App. No. 20435, 2005-Ohio-128, ¶ 8 ("when an individual has been convicted of or pleaded guilty to a sexually oriented offense, the judge must make a finding regarding the offender's status as a habitual sex offender" and this finding "must be expressly made regardless of whether the offender was already adjudicated as a sexual predator, and, although the habitual sex offender finding will have no impact on the registration requirements after a sexual predator determination, the statute, nonetheless, mandates such a finding.") Thus, we affirm the trial court's sexual predator classification, but remand this case with instructions to amend the journal entry to specifically indicate whether appellant was or was not classified as a habitual sexual offender.
 {¶ 19} Judgment affirmed in part and remanded in part for proceedings consistent with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Sean C. Gallagher, J.,concur.