JOURNAL ENTRY AND OPINION
{¶ 1} The court classified defendant Scottie Simmons as a sexual predator. In this appeal, he makes several procedural and substantive complaints about the validity of the classification. None of these complaints have merit, so we affirm the classification.
 {¶ 2} In 1992, Simmons pleaded guilty to a single count of rape and began serving a seven to twenty-five-year sentence. In April 1997, in an apparently gratuitous gesture, the court issued a journal entry stating "this court declines to make a determination as to sexual predator [sic.] pursuant to House Bill 180 as ex post facto and consistent with the opinion written in State of Ohio v. Lucerno (CR 2776927)." The supreme court repudiated the court's view of the sexual predator law and declared it constitutional in all relevant respects in State v.Cook, 83 Ohio St.3d 404, 1998-Ohio-291. In 2002, the state filed its request for a sexual predator classification. For unknown reasons, that request lay dormant with the court. In April 2005, the state asked the court to expedite the classification process because Simmons had been paroled on February 25, 2005 and by law, the court would lose jurisdiction over the classification request if not made within one year of Simmons' release. See R.C.2950.09(C)(2)(a). The court made the classification on September 21, 2005.
 I {¶ 3} Simmons first argues that principles of res judicata apply to bar the court's sexual predator classification because the court's 1997 refusal to apply the sexual predator law constituted an adjudication on the merits which barred a subsequent request for the same relief.
 {¶ 4} Principle of res judicata provides that a valid final judgment rendered upon the merits and without fraud or collusion bars all subsequent claims arising out of the same transaction between the same parties or those in privity with them. Grava v.Parkman Twp. (1995), 73 Ohio St. 3d 379, 381. Because res judicata applies to erroneous initial judgments, see Labarberav. Batsch (1967), 10 Ohio St.2d 106, 110, the courts have barred sexual predator classifications when an initial classification request had been dismissed on grounds that the court believed R.C. Chapter 2950 to be unconstitutional. See, e.g., State v.Dick (2000), 137 Ohio App.3d 260; State v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-042.
 {¶ 5} We have distinguished cases where the court dismissed a sexual predator classification motion from cases where the court, as here, simply declined to make any determination. In State v.Philpott, 147 Ohio App.3d 505, 2002-Ohio-808, we stated at ¶ 12:
 {¶ 6} "In the instant matter, the court's April 1997 entry was not a dismissal of the sexual predator classification proceeding but merely a refusal to hold a hearing or make any finding. The docket reflects no request by the State for a sexual predator hearing and no motion to dismiss. Thus, res judicata does not bar the court from conducting a subsequent classification hearing and determining Philpott's sexual predator status."
 {¶ 7} As in Philpott, the state made no request for the sexual predator classification. It appears that the court simply announced in advance of any motion its disinclination to make a classification if one were requested. Without getting into the rather dubious legality of the court's approach to prejudging the law, we agree that this is not a case where a valid final judgment had been rendered. That being the case, res judicata does not apply. Our finding here obviously moots any argument that counsel acted ineffectively by failing to raise res judicata as an affirmative defense since counsel has no duty to raise clearly erroneous legal arguments.
 II {¶ 8} Simmons next complains that the record is devoid of any mention of the individual factors listed in R.C. 2950.09(B)(2).
 {¶ 9} The short answer is that the court must consider the factors but need only articulate those that it relies on when deciding the motion. State v. Thompson, 92 Ohio St.3d 584,587-588, 2001-Ohio-1288; State v. Sevayega, Cuyahoga App. No. 83392, 2004-Ohio-4909, at ¶ 16. The record leaves us no doubt that the court did articulate which factors it relied upon when announcing its decision to make the classification.
 III {¶ 10} This was not Simmons' first sexually-oriented offense. While under indictment in this case, but not in custody, Simmons committed sexual assault on a four-year-old in the state of Mississippi. He served three years in prison before being remanded into custody in Ohio for trial on the rape charge in the present case. Pursuant to the version of R.C. 2950.09(E) in effect at the time of his sentencing, the court was required to make a finding that Simmons had been convicted of or pleaded guilty to the Mississippi sexual assault offense, and then specify in his sentence and judgment of conviction that "the judge has determined that the offender is a habitual sex offender * * *." Both parties agree that the court did not make the required habitual sex offender determination. The question is what remedy cures this omission.
 {¶ 11} We reject Simmons' argument that he is entitled to a new sexual predator hearing. The court's requirement under former R.C. 2950.09(E), while mandatory in nature, did not affect the validity of the sexual predator classification itself. The habitual sex offender classification is subsumed within the broader sexual predator classification. In an analogy to the criminal law, a habitual sex offender is a lesser included classification of sexual predator. Since there is no recrimination from the failure to so make the habitual sex offender classification, we remand to the court for the limited purpose of making the habitual sex offender classification as required by the statute. See State v. Kennedy,161 Ohio App.3d 127, 2005-Ohio-2461; State v. Rhodes, 7th Dist. No. 99 BA 62, 2002-Ohio-1572, at ¶ 41.
 IV {¶ 12} Finally, we overrule Simmons' fifth and sixth assignments of error in light of the court's amended journal entry correcting the date of Simmons' release from prison.
 {¶ 13} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.