JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Brandy Balnius (appellant) appeals the trial court's ruling classifying her as a sexual predator. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On July 21, 2005, appellant and her husband were charged in a 150-count indictment alleging various sex offenses stemming from the couple's involvement with their 12-year-old babysitter. On March 2, 2006, appellant pled guilty to one count of rape of a person under 13 years of age, in violation of R.C. 2907.02(A)(1)(b). On March 8, 2006, the court conducted a sexual offender classification hearing, determined that appellant was a sexual predator, and sentenced her to four years in prison.
 II. {¶ 3} Appellant's first two assignments of error will be addressed together, and they read as follows: "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses,'" and "the trial court erred in failing to conduct the statutorily required analysis in determining that the appellant was a sexual predator."
 {¶ 4} Pursuant to R.C. 2950.01, in order to be classified as a sexual predator, a person must be convicted of a sexually oriented offense, and the state must prove *Page 3 
by clear and convincing evidence that the defendant is likely to commit another sexually oriented offense. State v. Cook (1998),83 Ohio St.3d 404, 410; State v. Kennedy, Cuyahoga App. No. 85086, 2005-Ohio-2461. In determining the likelihood of recidivism, the trial court must consider the factors listed in R.C. 2950.09(B)(3). See State v. Eppinger (1991),91 Ohio St.3d 158.
 {¶ 5} The factors listed in R.C. 2950.09(B)(3) are, in pertinent part, as follows:
 "(a) the offender's age;
 (b) the offender's prior criminal record;
 (c) the age of the victim;
 * * *
 (e) whether the offender used drugs or alcohol to impair the victim; * * *
 (g) whether the offender has any mental illness or disability;
 (h) the nature of the offender's conduct and whether it demonstrated a pattern of abuse; and
 * * *
 (j) any additional behavioral characteristics that contribute to the offender's conduct."
 In addition to considering these factors, the trial court may consider expert psychological testimony on the likelihood of reoffending, should the defendant or the state choose to present such testimony, and the court should create a record of the proceedings for appellate review. Eppinger, supra. Furthermore, *Page 4 
 "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St. 469, 477 (emphasis omitted).
 {¶ 6} In the instant case, the record is sparse, because there was no trial and no expert testimony was presented. However, at the classification hearing, the following facts were made known: appellant was 26 years old at the time of the hearing; she had no prior criminal record; the victim was 12 years old at the time of the offense; appellant and her husband did use alcohol to impair the victim; appellant was under the influence of two prescription antidepressants at the time of the hearing; appellant and her husband demonstrated a pattern of abusing their position of authority and trust over their 12-year-old babysitter; appellant was remorseful; and appellant was cooperative in securing her husband's guilty plea.
 {¶ 7} After hearing testimony to the above-mentioned facts, the court found appellant to be a sexual predator, basing this decision on "the victim's age at the time [and], the alcohol to induce the offense." Our review of the instant case shows that, although the record is sparse, it is complete. The court held the appropriate hearing and considered the appropriate factors under R.C. 2950.09(B)(3). Absent an expert report, this is all that a court is required to do in a sexual offender classification hearing. While we recognize that an expert report may have been *Page 5 
helpful in determining appellant's likelihood of recidivism, there is no law in Ohio requiring expert testimony at the classification hearing.Eppinger, supra. See, also, State v. Chancellor, Cuyahoga App. No. 80321, 2003-Ohio-4932 (noting that an expert could expose a defendant in a sexual offender classification hearing "to a greater risk of an adverse finding").
 {¶ 8} In reviewing whether there was clear and convincing evidence that appellant is likely to commit another sexual offense, we are mindful of our sister court's analysis in a similar case regarding a single count of gross sexual imposition involving a four-year-old victim:
 "Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See, e.g., Kansas v. Hendricks (1997), 521 U.S. 346. The age of the victim is probative because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830. *Page 6 
 {¶ 9} Accordingly, we find that the court had clear and convincing evidence that recidivism is likely in the instant case, and there was no error in classifying appellant as a sexual predator. Appellant's first two assignments of error are overruled.
 III. {¶ 10} In her third and final assignment of error, appellant argues that she "received ineffective assistance of counsel at the sexual predator hearing." Specifically, appellant argues that counsel was ineffective in failing to order a psychological evaluation for the purpose of the classification hearing.
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v.Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144. In State v. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 12} As stated, it is within counsel's discretion whether to retain an expert for a sexual offender classification hearing. Additionally, it was noted that a sound legal strategy may be to refrain from using expert testimony when that testimony may *Page 7 
work against the client. Finally, in the instant case, appellant did not show that had an expert been retained, the result of her classification hearing would have been different. For these reasons, appellant's third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
 JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1