JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Alex Lucerno appeals from the judgment of the Cuyahoga County Court of Common Pleas that found him to be a sexual predator. For the reasons stated below, we vacate the trial court's determination and remand.
 {¶ 2} On June 4, 1992, Lucerno entered a plea of guilty to two counts of attempted felonious sexual penetration. On June 26, 1992, the trial court sentenced Lucerno to a prison term of eight to fifteen years on each count and ordered the terms to run concurrent to each other.
 {¶ 3} In 1997, while still serving his sentence, Lucerno was returned to the trial court for a sexual predator classification hearing. Lucerno filed a motion to dismiss the H.B. 180 proceedings, arguing that the application of Ohio's Megan's Law, which became effective January 1, 1997, to him would violate his constitutional protections against ex post facto/retroactive laws. The trial court granted the motion on March 20, 1997, finding that "House Bill 180 is unconstitutional as to this defendant as ex-post facto." Further, in an order filed April 11, 1997, the trial court refused to enter a finding as to whether Lucerno should be classified as a sexual predator, because the court determined that "House Bill 180 (H.B. 180), as applied to this defendant, is violative of the United States Constitution * * *."
 {¶ 4} In June 2005, following Lucerno's release on parole, the state filed a "request for scheduling of sexual predator adjudication hearing." On October 3, 2006, Lucerno filed a motion to dismiss the H.B. 180 proceedings, arguing that the *Page 4 
state was barred by the doctrine of res judicata from pursuing a subsequent sexual offender classification hearing.
 {¶ 5} After holding a hearing and receiving briefs from both sides, the trial court denied the motion to dismiss and held a classification hearing on October 20, 2006. At the conclusion of the hearing, the trial court found clear and convincing evidence that Lucerno was a sexual predator.
 {¶ 6} Lucerno has appealed the trial court's determination, raising five assignments of error for our review. We find that his first assignment of error is dispositive of the matter.
 {¶ 7} "Assignment of Error I: [The] trial court erred in classifying appellant as a sexual predator because the doctrine of res judicata precluded a second H.B. 180 hearing when appellant's first hearing was dismissed on constitutional grounds and the state failed to appeal."
 {¶ 8} This is a case in which the trial court initially granted a motion to dismiss H.B. 180 proceedings upon determining that H.B. 180 was unconstitutional as applied to Lucerno and, therefore, declined to determine whether Lucerno was a sexual predator. The state did not appeal the trial court's initial ruling. We find that the doctrine of res judicata precluded the state's subsequent request for the scheduling of a second H.B. 180 hearing and the trial court's proceedings and determination with respect to this request. *Page 5 
 {¶ 9} This court stated in State v. Simmons, Cuyahoga App. No. 87125,2006-Ohio-5006, as follows: "Principle of res judicata provides that a valid final judgment rendered upon the merits and without fraud or collusion bars all subsequent claims arising out of the same transaction between the same parties or those in privity with them. Grava v. ParkmanTwp., 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Because res judicata applies to erroneous initial judgments, see LaBarbera v.Batsch (1967), 10 Ohio St.2d 106, 110, 227 N.E.2d 55, the courts have barred sexual predator classifications when an initial classification request had been dismissed on grounds that the court believed R.C. Chapter 2950 to be unconstitutional. See, e.g., State v. Dick (2000),137 Ohio App.3d 260, 738 N.E.2d 456; State v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-042, 2001 Ohio App. LEXIS 61." See, also,State v. Walls (Nov. 21, 2001), Cuyahoga App. No. 79196.
 {¶ 10} The state argues that the trial court relied upon this court's decision in Simmons, supra, in proceeding with the sexual predator classification hearing. We find that the application of Simmons was misplaced. In Simmons we found that a final judgment had not been rendered where there was no request by the state for a sexual predator hearing or motion to dismiss and the trial court merely refused to hold a hearing or make any finding. Id. This court indicated as follows:
 "We have distinguished cases where the court dismissed a sexual predator classification motion from cases where the court * * * simply declined to make any determination. In State v. Philpott, *Page 6 147 Ohio App.3d 505, 2002-Ohio-808, 771 N.E.2d 297, we stated at P12: `In the instant matter, the court's April 1997 entry was not a dismissal of the sexual predator classification proceeding but merely a refusal to hold a hearing or make any finding. The docket reflects no request by the State for a sexual predator hearing and no motion to dismiss. Thus, res judicata does not bar the court from conducting a subsequent classification hearing and determining Philpott's sexual predator status.'
 "As in Philpott, the state made no request for the sexual predator classification. It appears that the court simply announced in advance of any motion its disinclination to make a classification if one were requested. Without getting into the rather dubious legality of the court's approach to prejudging the law, we agree that this is not a case where a valid final judgment had been rendered. That being the case, res judicata does not apply."
 {¶ 11} This case is clearly distinguishable from the Simmons andPhilpott cases. In this case a classification hearing was set, a motion to dismiss was filed, and the court made a determination that H.B. 180 was unconstitutional as applied to Lucerno. This was a valid, final judgment rendered upon the merits that the state failed to appeal. We find that the subsequent sexual offender classification proceedings were barred by res judicata.
 {¶ 12} The state argues, in the alternative, that the trial court's finding that Lucerno was a "habitual sex offender" should be upheld because separate and *Page 7 
distinct principles apply from a "sexual predator" determination. We are not persuaded by this argument.
 {¶ 13} Both proceedings dealt with the same solitary issue: defendant's sexual offender status under R.C. Chapter 2950. As recognized in State v. Dick (2000), 137 Ohio App.3d 260:
 "The doctrine [of res judicata] operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. Moreover, in the context of post-conviction relief, this Court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a res judicata bar to a subsequent attempt to litigate issues that could have been raised on a direct appeal."
(Internal citations and quotation omitted.)
 {¶ 14} Here, the trial court's 1997 order determined that H.B. 180 was unconstitutional. The order was a valid, final judgment on the merits of defendant's sexual offender status under R.C. Chapter 2950. The state could have appealed the trial court's determination but failed to do so. We therefore conclude that the sexual *Page 8 
offender classification proceedings commenced in 2006 were barred by the doctrine of res judicata.
 {¶ 15} Lucerno's first assignment of error is sustained. The remaining assignments of error are overruled as moot pursuant to App.R. 12(A)(1)(c). The judgment of the trial court is vacated and this cause is remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR. *Page 1